In the Matter of the Claim of LOUIS ANGELO, Appellant, against EDWARD STRAUCHEN and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 27, 1930.

*Dutcher Brothers* [*Henry R. Dutcher* of counsel], for the appellant.

*Warren & Mac Intyre* [*John V. Downey* and *James B. M. Mc Nally* of counsel], for the respondents Edward Strauchen and another.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

PER CURIAM. We think there has been a misunderstanding of our decision on a former appeal in this case which requires a reversal in the ·interest of justice and a redetermination by the State Industrial Board. On May 18, 1927, an award was made to claimant for partial disability for the period of March 22, 1926, to May 16, 1927. Earning capacity was fixed at six dollars and fifty cents per week. The employer and carrier appealed to this court and the appeal was argued and decided at the November term, 1927. (222 App. Div. 709.) The points raised by the appellants therein were: (1) That " the evidence shows that the claimant is not disabled from the performance of labor " and (2) that " there is absolutely no evidence of the earning capacity of the claimant upon which to base the award for reduced earnings." We reversed the award solely on the second ground· and remitted the matter to the State Industrial Board. We now find that the minutes of a hearing of May 16, 1927, which furnished the necessary testimony as to earning capacity, had been omitted from the printed record before us on that appeal. Inasmuch as there was ample medical proof in the record to sustain the finding of partial disability, there would have been, in all likelihood, an affirmance of the previous award if the record had been complete. Further testimony has since been received by the Board. Claimant's physician who has been attending him since March 22, 1926, has testified that in his opinion claimant is unable to do any work because he is an illiterate laborer who suffered a severe injury to his spine resulting in a complete fusion of the two lower dorsal vertebræ and upper lumbar vertebræ as shown by X rays, which restricts his bending and is so painful that he cannot do the work of a laborer and is unfitted for other ·work. Claimant does not speak our language. He testified through an interpreter that because of the pain in his back he cannot stand or sit for any length

of time and has to keep constantly moving to relieve himself from pain and that he had tried to work at about fifteen places but had not been able to work because of the pain. Sometimes he cannot even go out of the house. These were the only witnesses who testified at this hearing. Apparently the Board has misunderstood our decision on the former appeal and has overlooked the real reason for it. In a memorandum of decision, denying any further award to claimant on a new ground not mentioned before, and closing the case, a member of the Board has stated: " Causal relation is the real point at issue in the case. That being so, any further award for the period of the one reversed by the court is practically precluded by the court's decision." He makes no mention of the single point upon which we reversed, namely, lack of proof of earning capacity; and assumes apparently a reversal on broader grounds by stating that the Appellate Division reversed " on the ground of no evidence on which to base an award."

We think this decision should be reversed and the matter remitted to the State Industrial Board for further consideration in the light of this opinion.

VAN KIRK, P. J., HINMAN, DAVIS, HILL and HASBROUCK, JJ., concur.

Decision reversed and matter remitted to the State Industrial Board for further consideration, in accordance with opinion, with costs to the claimant against the employer and the insurance carrier to abide the event.